# In the United States Court of Federal Claims

No. 25-557C
(Filed: August 26, 2025)
**NOT FOR PUBLICATION**

```
*****************************************
JOSEPH NOFFLETT,                       *
                                       *
              Plaintiff,               *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
*****************************************
```

## OPINION AND ORDER

Plaintiff Joseph Nofflett, proceeding *pro se*, raises claims arising from the conditions of his confinement at Federal Correctional Institute Beckley ("FCI Beckley"). *See* Am. Compl. (ECF 17). The government moved to dismiss the original complaint for lack of subject-matter jurisdiction. *See* Mot. (ECF 8); Resp. (ECF 10); Reply (ECF 11); *see also* RCFC 12(b)(1). I address the government's motion as it relates to the Amended Complaint. The motion is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*,

812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Many of Plaintiff's claims are directed against individuals, including staff members at FCI Beckley. *See* Am. Compl. at 2, 9–14. This Court, though, cannot hear claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Claims arising from those allegations must be dismissed.

To the extent some of Plaintiff's claims do implicate the United States, they are outside the Court's jurisdiction for other reasons. Claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) non-tort laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). I have been unable to identify allegations in Plaintiff's filings that suggest those types of claims.

Plaintiff does not provide facts suggesting the existence of a contract or an illegal exaction of money. Some of Plaintiff's allegations appear to be tort claims, *see* Resp. at 4 (mentioning, for example, assault, battery, false imprisonment, and negligence), which are outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *cf.* Tort, Black's Law Dictionary (11th ed. 2019). United States district courts have "exclusive jurisdiction" to determine the liability of the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2674. Other allegations go to the computation of Plaintiff's sentence, but this Court's jurisdiction does not extend to criminal matters or review of the decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014).

Plaintiff's Amended Complaint lists several legal grounds for his claims, *see* Am. Compl. at 5, but none requires payment of money. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Amir v. United States*, 154 Fed. Cl. 468, 473 (2021) (citing *Fry v. United States*, 72 Fed. Cl. 500, 507–08 (2006)), *reconsideration denied*, 155 Fed. Cl. 788 (2021) (Ninth Amendment); *Gimbernat v. United States*, 84 Fed. Cl. 350, 354 (2008) (Universal Declaration of Human Rights). "The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations[.]" *Drake v. United States*, 792 F. App'x 916,

- 3 -

920 (Fed. Cir. 2019). Plaintiff suggests that this is a suit under the cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *see* Am. Compl. at 5, but this Court lacks jurisdiction over such claims. *See Embrey v. United States*, No. 19-740C, 2020 WL 7312184, at *4 (Fed. Cl. Dec. 11, 2020). Plaintiff claims that the Bureau of Prisons violated its own policies and regulations, but he does not identify any provision requiring payment of money.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 8) is **GRANTED**. The case is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
